JOHNSON VS. MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

Where the owner of lands across which a railroad company had constructed its track, recovered damages for such taking, prior to 1860, it must be presumed that the expense of building and maintaining a suitable fence along the line of the road where it crossed said land was included in the damages; and the owner of the land would not, either before or after the passage of ch. 268, Laws of 1860 (which requires every railroad company to erect fences along its track), maintain an action against the company for injuries done to his cattle, which escaped upon the track in consequence of defects in such fence.
Whether the company would be liable to a third person for damages resulting from its failure to maintain such fence at that place, is not here decided.

APPEAL from the Circuit Court for *Dodge* County.

This appeal was taken by the defendant from a judgment in favor of the plaintiff. The question presented will sufficiently appear from the opinion.

*A. B. Hamilton,* for appellant, cited 6 Wis., 636 ; 4 Chand., 72 ; *Embury v. Conner,* 3 Coms., 511 ; *Le Guen v. Gouverneur,* 1 Johns. Cas., 436, 2d ed., note A., 462 ; 2 Smith's L. C., 669–70 ; *Fish v. Folley,* 6 Hill, 54 ; 15 Johns., 432 ; 3 Wend., 154; *Secor v. Sturgis,* 16 N. Y., 554, and cases there cited ; *Corwin v. N. Y. & Erie R. R. Co.,* 3 Kern, 42 ; *McCall v. Chamberlain,* 13 Wis., 637.

*John Ware,* for respondent, cited ch. 268, Laws of 1860 ; *Corwin v. N. Y. & Erie R. R. Co.,* 3 Kern., 42 ; *McCall v. Chamberlain,* 13 Wis., 637.

*By the Court,* COLE, J.   In the stipulation of facts made in this case, it was agreed that the cattle and colt which were injured by the company, escaped from the plaintiff's land into and upon the railroad track, in consequence of a defect in the fence on either side of the railroad track, where the road passes through the plaintiff's land.   And the ground of liability mainly relied on grows out of the alleged neglect of the company in not making and repairing such fence along the plaintiff's land, so as to prevent his stock from escaping through it upon the railroad track.   The question then is, can we say, upon the admitted facts in the case, ·that the company was bound to build and maintain a fence along the line of its road where it crosses the plaintiff's land, so as to render it liable to *him* for injuries happening in consequence of the want of such fence?   It is claimed and insisted that ch. 268, Laws of 1860, imposed upon the company the imperative duty of fencing its road where it crosses his land, and therefore that the liability of the company in this case is clear and undoubted.   The circuit court sustained this view of the law; but in this decision we think there was error.

The stipulation states that commissioners were appointed in 1856, under the provisions of the charter of the Milwaukee and Horicon R. R. Co. (to the rights and privileges of which company the defendant has succeeded), to appraise the damages of the plaintiff by reason of the railroad crossing his land. Such appraisement was had; but it appears that the plaintiff was not satisfied with the award of the commissioners, and took an appeal to the circuit court, where there was a re-assessment of the damages.   The judgment obtained in the circuit court has been fully satisfied and discharged.   Now, although the stipulation does not specifically say that the expense of building and maintaining a suitable fence along the line of the road where it crosses the plaintiff's land was one of the items taken into consideration by the jury in assessing his damages, yet we suppose the necessary presumption is that

it was, and that the plaintiff has already been paid such expense in the land damages. The charter authorized and required the commissioners to estimate the value of the land taken or required by the company; and *all damages which the owner might sustain by reason of the taking of the same for the construction and use of the road.* Sec. 12, ch. 450, Laws of 1852. And this court has held that fences made necessary by the running of a railroad through a farm, in order that such farm may be as securely used as before, were legitimate and proper items of damages for the jury to consider. *The Mil. & Miss. R. R. Co. v. Eble,* 4 Chandler, 72; *Robbins v. Mil. & Horicon R. R. Co.,* 6 Wis., 636. Now in 1856 there was no general statute requiring railroad companies to enclose their roads by fences. As the law then stood, commissioners, or a jury, in estimating the damages for the land taken for the use of the road, could consider and allow the owner the expense of building and maintaining a fence as a part of the compensation allowed him. Such expense formed a proper element in the estimate of damages, and we must therefore assume that the plaintiff has already been paid the expense of fencing. If he has been paid this expense in the assessment of damages, then it is obvious that no obligation is imposed upon the company to maintain a fence across his land, so far as *he* is concerned. The duty of making and repairing the fence through which the cattle escaped upon the road devolved upon him, and not upon the company. Nor are the rights and duties of the parties in respect to each other changed by the law of 1860. For if before the passage of that law the plaintiff was bound to erect fences between the railroad and his land, then he cannot charge the company with negligence because it omitted to do that which it was his duty to do. See *Morss v. The Boston & Maine R. R.,* 2 Cushing, 536; *Corwin v. The N. Y. & Erie R. R. Co.,* 3 Kernan, 42. Whether the statute of 1860 enlarges the liability of the company, and imposes increased responsibility upon it, so far as third persons are

concerned, is a matter we need not now consider.     Here the plaintiff claims to recover on account of the neglect of the company to build a fence which he himself was bound to maintain or repair.     If it was his duty to keep up suitable fences along the railroad track before the passage of the law of 1860, because he had been paid the expense of fencing in the compensation allowed him for the taking of his land, that obligation remains unimpaired, and the relations of the parties are not changed by this statute.

For these reasons the judgment of the circuit court must be reversed, and a new trial awarded.