ROBERT B. LORIMER *vs.* ST. PAUL CITY RY. CO.

Argued Dec. 4, 1891. Decided Feb. 8, 1892.

**Negligence not Shown.**—Evidence *held* insufficient to justify a finding of negligence because of the defendant's failure to adopt and provide on its electric street cars a "resistance coil," at a time when, so far as appears, no such device had been discovered or its practical utility demonstrated.

**Contributory Negligence—Burden of Proof of.**—The statute of 1887, subjecting railroad companies to liability to their servants for the negligence of fellow servants, does not change the rule as to the burden of proof of contributory negligence.

Appeal by defendant, St. Paul City Railway Company, from an order of the district court of Ramsey county, *Egan,* J., made June 26, 1891, refusing a new trial.

The plaintiff, Robert B. Lorimer, was employed as conductor on defendant's electric street cars, Grand avenue line, St. Paul. At the west end of the line the motor car is detached, and taken through the switches to the east end of the trailer, and again attached for the return trip.

In doing this, September 3, 1890, the motor car was uncoupled, and stood about two feet from the trailer. Plaintiff was upon the rear platform of the motor car attending to the trolley pole, and directed John Daley, the motor man, to start ahead; but he misunderstood, and backed up. Plaintiff lost his balance, and, partly falling, his foot was caught in the coupling and injured. The motor car was equipped with a Sprague motor. When the current of electricity was turned on, it started the car with more or less of a jerk. A resistance coil is an invention for applying the current gradually, and preventing this jerking at starting. At the time plaintiff was injured, the resistance coil was not in use on this line. It was subsequently adopted, in February, 1891.

The action was tried April 23, 1891, and plaintiff had a verdict for $1,500. Defendant moved for a new trial, but it was refused, and it appealed.

*Henry J. Horn,* for appellant.

The plaintiff claimed that Daley, the motor man, was negligent in backing the motor when ordered to go ahead, and claimed to hold the defendant liable therefor, although it was the act of a fellow servant. The statute in reference to such a liability provides that every railroad corporation owning or operating a railroad in this state shall be liable for all damages sustained by any agent or servant thereof, by reason of the negligence of any other agent or servant thereof, without contributory negligence on his part, when sustained within this state. Laws 1887, ch. 13. This statute essentially changes the common-law rule upon the subject creating a new liability of the master, but attaches thereto the qualification that the servant seeking to charge this liability upon his master must be without contributory negligence on his part.

There is a diversity in the practice in different states as to whether contributory negligence of the plaintiff is to be negatived by the plaintiff in his case, or whether it is defensive matter to be shown in the defendant's case. It is believed, however, that whatever may be the doctrine and practice in ordinary cases of negligence, the weight of authority with respect to actions by a servant against his master, based upon negligence of a fellow servant, is in accord with what seem to be the meaning and interpretation of this statute. Laws 1887, ch. 13.

Upon the evidence, as to contributory negligence of the plaintiff, the defendant was entitled to a verdict. The plaintiff's own testimony shows that he unnecessarily placed himself in a dangerous position. According to his own statement, he stood on the edge of the rear platform of the motor in the space left open for passage from one car to the other, with his back towards the trailer, in such position that a jerk in setting it in motion might unbalance him and cause him injury. He so placed himself that the jerk made by the motor caused one of his feet to drop between the coupling irons. He placed himself in a dangerous position needlessly. Wood, Mast. & Serv. (2d Ed.) § 326; 2 Thomp. Neg. p. 1008; *Shanny* v. *Androscoggin Mills,* 66 Me. 420; *Vicksburg & M. R. Co.* v. *Wilkins,* 47 Miss. 404; *Miller* v. *St. Paul City Ry. Co.,* 42 Minn. 454;

*Hayes* v. *Forty-Second St. & G. S. F. Ry. Co.*, 97 N. Y. 259; *Lyon* v. *Detroit, L. & L. M. R. Co.*, 31 Mich. 429.

The Sprague motor, prior to introducing the resistance coil in question, was not a defective motor, or a machine out of order; and the fact that a new improvement, so far as the evidence shows, was afterwards introduced, in no way bears upon the question of negligence of the defendant in not furnishing proper machines.

The employer is not bound to use the latest improvement in machinery, and is not liable for an injury which might have been avoided if such improved machinery had been in use; he is only bound to see that the machinery which he uses is safe and suitable. Wood, Mast. & Serv. (2d Ed.) § 331, note 1; *Fort Wayne, J. & S. R. Co.* v. *Gildersleeve*, 33 Mich. 133.

*John L. McDonald*, for respondent,

After discussing the facts upon the evidence, contended that it was shown that Daly, the motor man, was incompetent, left-handed, inexperienced, and dangerously reckless, and that defendant's officers had notice of these facts. He further said:

The motive power apparatus was defective and insufficient. The Sprague motor, which was used on this car, did not have a resistance coil in it. Without this resistance coil, the car started with a sudden jerk; but with it, more gently. The resistance coil is an improvement of great importance,—a great improvement in respect to any jolting or jerking of the car. There is nothing in the evidence to justify the claim of defendant that the resistance coil was or is a new invention. Defendant tried to prove that it was a new invention, and failed.

Contributory negligence is defensive matter, and is not required to be negatived or disproved by the plaintiff to make out a *prima facie* case. *Hocum* v. *Weitherick*, 22 Minn. 152; *Whittier* v. *Chicago, M. & St. P. Ry. Co.*, 24 Minn. 394; *Johnson* v. *Chicago, M. & St. P. Ry. Co.*, 29 Minn. 425.

This is the rule in four fifths of the states and the supreme court of the United States. *Hough* v. *Texas & P. Ry. Co.*, 100 U. S. 213; *Indianapolis & St. L. R. Co.* v. *Horst*, 93 U. S. 291; *Railroad Co.* v. *Gladmon*, 15 Wall. 401.

Appellant concedes this to be the rule, but claims that this rule is changed by Laws 1887, ch. 13. This claim is clearly untenable. The sole object and purpose of the legislature was to put an end to the defense that the injury resulted from the negligence of a fellow servant.

DICKINSON, J. The plaintiff, while acting as a conductor on the defendant's electric street railway, was injured by reason of his foot being caught between the irons by which the electric motor car is coupled to the coach in its rear. This occurred at the end of the road, where the cars are uncoupled and switched from one track to another. Negligence on the part of the man operating the motor car is assigned, in that he backed the car when he should have gone forward. But it was further alleged that the defendant was chargeable with negligence in providing cars with a defective motive power. The electric motor in use on this car was what is called the "*Sprague* Motor*," and the only ground of complaint in this particular, as disclosed by the case, is that a device which is designated as a "*resistance coil*" was not employed as a part of the electrical apparatus on the car. This is a contrivance used in connection with the Sprague motor, the purpose and effect of which is to resist and to moderate the current of electricity when it is first applied, so that the car, when set in motion, starts more gradually and with a less sudden impulse than it does when that resisting medium is not employed. The *suddenness* of the backward motion of the car on the occasion in question was shown as a fact to which, in part, at least, the accident may be attributed. By its instructions the court submitted it to the jury to decide upon the evidence whether the defendant was responsible by reason of the fact that the car was not provided with a resistance coil. We are of the opinion that the defendant's exception to this was well taken, and that the evidence did not justify a recovery upon that ground. A sufficient reason for this conclusion is that there was no proof that, at the time of the accident, the resistance coil had even been invented or discovered, and certainly none that it had come to be so known, approved, and recognized as a useful device in connection with such motors that the defendant is to be charged with negligence in not having adopted it. The evidence as

to this was very meager.  If it can be regarded as having any probative force, its tendency was only to show that this device was a recent invention.  Some five or six months after the accident, which occurred in September, 1890, it was applied to all the Sprague motor cars in use by the defendant; but this alone did not justify the inference of fact that, at the time of the accident, the device had been discovered, and its practical utility established.  The burden was upon the plaintiff to show any neglect of duty for which he might maintain the action.  It is unnecessary to say that proof of the fact that the defendant had not, at or prior to the time of the accident, adopted a device which, so far as appears, had not then been discovered or come to be known as of practical utility, does not show a case of negligence.  Because this question was submitted to the jury as a ground upon which a recovery might be had there must be a new trial.

With reference to another trial, we will refer to another matter. Both parties rely upon and invoke the benefits of Laws 1887, ch. 13, as a law applicable to the case.  We therefore assume that it is applicable.  The defendant relies upon the point that the effect of that act is to cast the burden upon the plaintiff to show that he was *not* guilty of contributory negligence, and that the court erred in ruling to the contrary.  It was not within the purpose of this act to change the rule, always recognized in this state, that the burden of proving contributory negligence on the part of a plaintiff prosecuting another for negligence rests on the defendant.  The object of the statute was to change, as applied to railroad operatives, the rule of the common law which exempted a common employer of several servants from liability to one for the negligence of his fellow servants. The declared liability for injuries sustained by the negligence of a fellow servant is qualified by the words, "without contributory negligence on his part," but this was not intended to change the rule of evidence or burden of proof.  Obviously this was inserted from motives of caution, that it might not be supposed that the declared liability of the master was intended to be absolute, and without regard to any negligence of the complainant contributing to the result.  The language recited simply preserves, as an express limitation of the

declared liability, the recognized principle of the common law as to the effect of contributory negligence.

Order reversed.

(Opinion published 51 N. W. Rep. 125.)