Dugan, Respondent, vs. Chicago, St. Paul, Minneapolis & Omaha Railway Company, Appellant.

*May 27 — June 21, 1893.*

| 85 | 609 |
|----|-----|
| 90 | 113 |
| 85 | 609 |
| 96 | 361 |
| 85 | 609 |
| 99 | 387 |
| 85 | 609 |
| 107 | 222 |

*Railroads: Injury to employee by negligence of co-employee: Evidence: Burden of proof of contributory negligence: Improper remarks of counsel: Excessive damages.*

1. In an action against a railroad company for injuries to a fireman caused by the negligence of his engineer in moving the engine, the rules of the company applicable to the service in which the fireman was engaged when injured and to the operation of the engine, were properly admitted in evidence.

2. Plaintiff's counsel, in addressing the jury, said that "the defendant can bring experts from one end of the world to the other to defeat [the plaintiff]. They have money enough to do it;" but in the closing argument for plaintiff this remark was expressly discountenanced. It not appearing affirmatively that defendant was prejudiced, an exception to the remark is overruled.

3. Sec. 1816a, S. & B. Ann. Stats. (providing that every railroad company shall be liable for damages sustained by any employee "without contributing negligence on his part, when such damage is caused by the negligence of" other employees specified), does not change the rule as to the burden of proving contributory negligence.

4. An award of $8,583.33 damages for personal injuries to an employee of a railroad company, is *held* not so excessive as to warrant the interference of this court, the trial court having refused to set aside the verdict.

APPEAL from the Circuit Court for *Eau Claire* County.

The complaint alleges, in effect, that on the morning of March 31, 1891, the plaintiff was a fireman in the employ of the defendant, and at work upon his engine, then standing at the water tank at the city of Eau Claire; that in the discharge of his duty the plaintiff went upon the tender and pulled down the spout to supply the engine with water; that after he had supplied the engine with water, and while he was standing upon the rear portion of the tender, with his hands above his head, pushing up the spout, the engineer, without giving any warning and without receiving any signal from the fireman, and before the spout was in place, started up the engine, throwing plaintiff from the tender onto the rail of defendant's track, and injuring him very severely; that at the time of the injury the engineer and a brakeman were in the engine. The plaintiff claims $10,000 damages. The answer consists of admissions and denials, and alleges, in effect, that the plaintiff's injuries were caused solely by his own carelessness, recklessness, and negligence, or the carelessness, recklessness, and negligence of his co-servants and co-employees.

Dugan vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

The plaintiff put in evidence Rule 41 of the defendant company, which reads as follows: "The engine bell must be rung for five seconds previous to starting the engine, and must be kept ringing while passing into and from all stations and yards, and while passing through the limits of all towns and villages. It must also be rung in approaching and passing over all highway crossings." Also Rule 332, which reads as follows: "Engineers must use care that no damage is done to discharge pipes at water tanks. These pipes must never be pulled from the tender or raised while the engine is in motion, and they must be allowed to empty themselves of water before they are raised, especially in winter, when ice will accumulate. The engineer will know before starting that the pipe has been properly replaced, so that it is entirely clear of passing trains, particularly the pipes upon passenger coaches. Should water pipes be in bad order, and liable to be injured, time should be taken to repair them temporarily, and if frozen great care should be used not to break them and thereby cut off the water supply at that station."

At the close of the trial the jury returned a special verdict to the effect (1) that the plaintiff was injured at the water tank at Eau Claire on the morning of March 31, 1891; (2) that such injury was not caused in any manner by the negligence of the defendant in the construction, maintenance, or repair of said water tank or appliances; (3) that the plaintiff's injury was caused by reason of the negligence or want of ordinary care on the part of the engineer in charge of the locomotive; (4) that such negligence consisted in moving his engine in violation of the rule; (5) that the plaintiff was not guilty of any want of ordinary care and prudence which contributed proximately to the injury complained of; (6) that the sum of $8,583.33 will fully compensate the plaintiff for the injuries and damages he sustained by reason of the accident in question.

From the judgment entered upon said verdict for the amount of the damages so found, with costs, the defendant appeals.

For the appellant there was a brief by *S. L. Perrin* and *R. J. MacBride*, and oral argument by *Mr. MacBride*.

For the respondent there was a brief by *T. F. Frawley* and *W. H. Stafford*, and oral argument by *Mr. Frawley*.

CASSODAY, J. 1. There can be no doubt but what the rules of the defendant company, applicable to the service of the plaintiff and the operation of the engine in question, were properly admitted in evidence. *Schultz v. C. & N. W. R. Co.* 44 Wis. 638; *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626; *Lockwood v. C. & N. W. R. Co.* 55 Wis. 50; *Hoye v. C. & N. W. R. Co.* 62 Wis. 668; *Phillips v. C., M. & St. P. R. Co.* 64 Wis. 475; *Abbot v. McCadden*, 81 Wis. 563; *Beems v. C., R. I. & P. R. Co.* 58 Iowa, 150, 10 Am. & Eng. R. Cas. 658.

2. Exception is taken because counsel for the plaintiff, in addressing the jury, said: " The defendant can bring experts from one end of the world to the other to defeat *Mr. Dugan*. They have money enough to do it." This language escaped the attention of the trial judge at the time, but a few moments afterwards was, by his direction, taken down by the reporter, and the defendant's exception entered; and in the closing argument for the plaintiff, the next morning, such remark was expressly discountenanced. It appears that the remark referred to a physician from St. Paul who testified as a witness on the part of the defendant. We are not prepared to say, from the record, that this remark was prejudicial to the defendant. The occasion of it is not made to appear of record. " In arguing a case to the jury, counsel necessarily have a broad latitude. The administration of justice requires it. The trial judge is necessarily familiar with all the facts and cir-

cumstances, as well as all shades of the evidence. He must necessarily have a broad discretion in such matters. Error is not to be presumed in such case. If counsel abuse their privilege, or the trial court its discretion, and such abuse is made to appear affirmatively in the record, then an exception to the same will be sustained; otherwise, it will be overruled. Such have been the repeated rulings of this court." *Smith v. Nippert*, 79 Wis. 139, and cases there cited. The exception mentioned must be overruled.

3. Error is assigned because the court refused to charge the jury to the effect that the burden was upon the plaintiff of showing due care and freedom from contributory negligence on his part. The jury found that the plaintiff's injury was caused by the negligence of the defendant's engineer in charge of the locomotive at the time, and consisted in moving his engine in violation of the rule. Such engineer being the plaintiff's co-employee at the time, it is contended that there would have been no liability at common law, and hence that his right of action, if any, is purely statutory. The statute applicable reads: "Every railroad corporation doing business in this state shall be liable for damages sustained by any employee thereof within this state, *without contributing negligence on his part,* when such damage is caused by the negligence of any train dispatcher, telegraph operator, superintendent, yard master, conductor, *or engineer,* or of any other employee who has charge or control of any stationary signal, target point, block or switch." Ch. 438, Laws of 1889; sec. 1816a, S. & B. Ann. Stats. The contention is that under this statute the plaintiff was bound to prove, as a condition precedent to recovery, that he was without contributory negligence on his part.

It is, in effect, conceded that independent of this statute the burden of proving contributory negligence, when not disclosed by the evidence on the part of the plaintiff, was purely a matter of defense. *Hoye v. C. & N. W. R. Co.*

Dugan vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

67 Wis. 15, and cases there cited. The defense of contributory negligence has frequently been sustained to a right of action given by statute where none previously existed, notwithstanding the statute was silent on the subject of contributory negligence. This has frequently been held under the statute giving a right of action for damages caused by a defective highway. Sec. 1339, R. S. The same is true in respect to the statute giving damages caused by the failure of railway companies to construct and keep in repair fences and cattle guards, as required. *Holum v. C., M. & St. P. R. Co.* 80 Wis. 303, and cases there cited. The mere fact that the legislature embodied in the act in question the words, " without contributing negligence on his part," when the courts would necessarily have supplied the same by construction had they not been so embodied, cannot operate to change the burden of proof from the defendant to the plaintiff. It will be observed that such words were not so embodied for the purpose of giving to the plaintiff a right of action, but for the purpose of more certainly securing to the defendant a defense in case of such contributory negligence. The case is clearly distinguishable from that line of cases where the right to recover is based wholly upon an exception in the statute, as, for instance, where the statute expressly prohibits all right of recovery except upon one condition, and the plaintiff seeks to bring himself within such exception. The supreme court of Minnesota has recently held that a similar statute in that state did not change the rule as to the burden of proving contributory negligence. *Lorimer v. St. Paul C. R. Co.* 48 Minn. 391. We must hold that the trial court properly refused to instruct the jury as requested. The exception to the portion of the charge on contributory negligence is based upon the same objection, and is overruled for the same reason.

4. It is claimed that the damages are excessive, and that

the verdict should have been set aside on that ground. No complaint is made, and none can be fairly made, of the charge of the trial judge on that subject. He expressly charged to the effect that the damages should be limited to what was fair and reasonable, and should not be excessive; that nothing should be allowed for permanent injuries unless the jury were satisfied that the injuries sustained were permanent, nor then unless they were fairly and reasonably so satisfied; that mere possibility would not do. The same judge refused to set aside the verdict on that or any other ground, notwithstanding he possessed a broad discretionary power in that regard. This court has no such discretion, and we find nothing in the record which would justify us in holding that the trial court has abused its discretion. To authorize the interference of this court, it should appear from the evidence that the damages are so excessive as to create the belief that the jury have been misled either by passion, prejudice, or ignorance. This is not such a case.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.