[No. 10748. Department One. March 13, 1914.]

A. L. THORPE et al., Appellants, v. THE CITY OF SPOKANE, Respondent.[1]

WATERS AND WATER COURSES—NATURAL COURSE—SURFACE DRAINAGE. An old dry channel is not a natural water course, where it appears that water never flowed therein except when the ground was frozen and the snows melted, the channel carrying only surface water occasioned by freshets.

MUNICIPAL CORPORATIONS—IMPROVEMENTS—GRADING STREETS—LIABILITY. Abutters are not entitled to damages resulting from the initial grading of streets and alleys, the dedication implying authority to improve the streets.

WATERS AND WATER COURSES—SURFACE WATERS—OBSTRUCTIONS—DAMAGES. Surface water being an outlaw and common enemy against which any proprietor may defend himself, a city is not liable for the collection of surface water caused by the initial grading or improvement of a street.

MUNICIPAL CORPORATIONS—IMPROVEMENTS—GRADING STREETS—DAMAGES. A city in making street grades, having constructed sufficient culverts to carry off surface waters, is not liable to abutters if other property owners filled up their property and prevented the water from passing off through the culverts.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered April 11, 1912, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action in tort. Affirmed.

*Robertson & Miller, H. J. Hibschman, E. W. Robertson,* and *Thomas J. Corkery,* for appellants.

*H. M. Stephens* and *Wm. E. Richardson,* for respondent.

MOUNT, J.—The plaintiffs brought this action against the city of Spokane to recover damages alleged to have been caused by the city's so negligently grading its streets as to cause the plaintiffs' premises to be flooded. The city denied that it had negligently caused the water to be cast upon the

[1]Reported in 139 Pac. 221.

plaintiffs' premises. Upon this issue, the cause was tried to the court and a jury. At the close of all the evidence, the court directed a judgment to be entered in favor of the defendant. The plaintiffs have appealed.

It appears that, in the year 1910, the city of Spokane graded certain streets in Union Park addition to that city. There extended across this addition an old dry channel in which at some time water had flowed. These streets were graded upon the initial grade. When the work was done, this old channel, at the point where it intersected the streets, was filled up. Afterwards, and before the injury to the plaintiffs' property, the city had constructed culverts across and along the streets where the old channel had been. Private property owners along the streets had filled in their lots so that the old channel was completely filled up upon some of the lots; and the culverts placed in the streets by the city, therefore, were of no use, so far as carrying off the water was concerned.

It is contended by the appellants that this old channel is a water course, and that the city was liable upon an initial grade for obstructing this water course. Much evidence is quoted in the appellants' brief to show that the old channel was a natural water course. We think it is conclusively shown by the evidence that water never flowed in this old channel, except when the ground was frozen and snows melted in the late winter or early spring. Upon such occasions, water would flow down this old channel; but at other times, there was no water therein. We are satisfied that this does not make a natural water course, because it is apparent that the water that flowed down this old channel was mere surface drainage over the entire face of the tract of land mentioned, occasioned by unusual freshets, and nothing more. We said in *Wood v. Tacoma,* 66 Wash. 266, 119 Pac. 859:

"It is now established law in this state that damages cannot be recovered for consequential injuries to private property occasioned by the original grading of streets and alleys. The dedication of streets and alleys to the public use im-

plies an agreement of the dedicator and his successors in interest that the city may establish grades and improve the streets and alleys thereto in aid of such use. [Citing authorities].

"It is also the settled doctrine in this state that surface water caused by the falling of rain or the melting of snow, is to be regarded as an outlaw or common enemy against which every proprietor of land may defend himself, even if in consequence of such defense injury result to others. As to surface waters, this court has definitely adopted the rule of the common law, as distinguished from the contrary rule of the civil law. [Citing authorities].

"From the adoption by this court without qualification or restriction of these two doctrines, namely, that a municipal corporation is not liable for injuries consequent upon the initial grading and improvement of its streets, and that surface water is a common enemy against which any one may defend himself, arises the corollary that a city is not liable in damages for injuries to private property by the collection of surface water thereon, caused by the initial grading or improvement of its streets and alleys."

We think the decision in that case is conclusive of the questions presented here.

This case must be affirmed upon another ground. It is shown by the evidence of the appellants that the culverts constructed by the city in and upon the streets in the addition above referred to were sufficient in size to have carried off the water. But it is shown by this same witness, and other witnesses, that where this old channel ran across city blocks owned by private persons, these lots and blocks had been filled, thus preventing the flow of the water in the old channel, and also in the culverts constructed by the city. This, of course, was the primary cause of the flooding of the appellants' property. The city cannot be held liable for damages caused by individuals who have filled up a waterway upon their own premises.

Counsel for the appellants cite the case of *Ronkosky v. Tacoma*, 71 Wash. 148, 128 Pac. 2, and say that this case disposes of the respondent's contention and the theory upon

which the trial court decided the case below. That was a case where the city had filled a deep gulch in the bottom of which flowed a perennial stream carrying a small amount of water in the summer, and a larger volume during the rainy season. The city constructed across that stream a culvert which was sufficient to let the water of the stream pass through but which, through the negligence of the city became impeded, and the water was thereby dammed up and caused the injury to the property mentioned in that case. There we held the city liable on the ground that it was the duty of the city to make provision for ordinary freshets that could be reasonably anticipated and where, after notice that the culvert had become inadequate through decay or obstructions, the city had failed to remedy the defect. That case distinguishes the case of *Wood v. Tacoma, supra,* and is not in point in this case.

We are satisfied from the record in this case that the judgment of the trial court was correct, and it is therefore affirmed.

CROW, C. J., GOSE, CHADWICK, and PARKER, JJ., concur.