Gilbert **BETONEY,** Plaintiff-Appellee and Cross-Appellant,

v.

**UNION PACIFIC RAILROAD COMPANY,** a corporation, Defendant-Appellant and Cross-Appellee.

No. 82CA0727.

Colorado Court of Appeals, Div. I.

Aug. 2, 1984.

Rehearing Denied Aug. 30, 1984.

Certiorari Denied May 20, 1985.

Morrisard and Rossi, P.C., John J. Rossi, Aurora, for plaintiff-appellee and cross-appellant.

Gorsuch, Kirgis, Campbell, Walker & Grover, C. Willing Browne, Catherine M. Meyer, Denver, for defendant-appellant and cross-appellee.

STERNBERG, Judge.

The plaintiff, Gilbert Betoney, was employed by the defendant, Union Pacific Railroad, as a laborer on a "system gang" which performed work on sections of railroad track throughout the railroad system. Late in the evening of November 15, 1978, Betoney was returning from a bar to a bunk car on which the system gang slept in the railroad yard in Rawlins, Wyoming. Betoney, in an admittedly intoxicated state, attempted to cross between two railroad cars of a moving train, slipped and fell between the cars, and was injured. His right leg was amputated at the knee as a result of the accident.

Betoney filed a suit for recovery pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C.A. § 51, et seq. (1970), or in the alternative, under a common law negligence theory. The railroad denied it was negligent, and additionally, denied that the FELA was applicable because Betoney was not working at the time of the accident. The railroad also asserted that Betoney was not acting within the scope of his employment, had been injured as a result of his own negligence, and had knowingly and intentionally assumed the risk of a dangerous condition.

The jury found that the railroad was negligent, determined that Betoney's damages were $603,000, reduced that amount by $120,000, for Betoney's negligence, thus making the net award $482,400.

The railroad appeals the judgment, and Betoney cross-appeals, alleging the Hours of Service Act, 45 U.S.C.A. § 62 (1970), should have been applied to the case, which would have eliminated consideration of his contributory negligence. We reverse and remand for a new trial on the issue of liability only.

I.

The railroad first contends that the trial court erred by ignoring federal law regarding scope of employment, and compounded the error by withdrawing the issue from the jury's consideration. We agree in part.

■ To recover under the FELA for personal injuries, the plaintiff must prove: (1) that the defendants are common carriers by railroad engaged in interstate commerce; (2) that he was employed by the defendant with duties furthering such commerce; (3) *that the injuries were sustained while he was so employed;* and (4) that the injuries were the result of negligence of defendant company. 45 U.S.C.A. § 51; *Fowler v. Seaboard Coastline R.R. Co.,* 638 F.2d 17 (5th Cir.1981).

■ Recovery under the FELA is permitted if the injury occurred within the scope of employment, *Sowards v. Chesapeake & Ohio Ry. Co.,* 580 F.2d 713 (4th Cir.1978), and scope of employment has been interpreted to encompass acts incidental to the employment as well as the actual work. *See, e.g., Erie R.R. Co. v. Winfield,* 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057 (1917) (employee injured while leaving rail yard after work): *Texas & Pacific Ry. Co. v. Jones,* 298 F.2d 188 (5th Cir.1962) (employee injured while assisting a fellow employee in that employee's assigned task was acting within the scope of his employment); *Morris v. Pennsylvania R.R. Co.,* 187 F.2d 837 (2nd Cir.1951) (employee killed at place of employment shortly before he was to report to work was within the scope of employment).

However, the United States Court of Appeals for the Tenth Circuit has held that:

"[G]iven its most liberal interpretation, the Act cannot be extended to cover activities not necessarily incident to or an integral part of employment in interstate commerce. It obviously does not cover activities undertaken by an employee for a private purpose and having no causal relationship with his employment."

*Atchison, Topeka & Santa Fe Ry. Co. v. Wottle,* 193 F.2d 628 (10th Cir.1952). *See*

*also Fowler v. Seaboard Coastline R.R. Co., supra* (employee on enforced paid lunch break on employer's property, but injured on motorcycle while returning to property from short trip after he had eaten lunch was not within the scope of employment); *Metropolitan Coal Co. v. Johnson,* 265 F.2d 173 (1st Cir.1959) (employee riding a passenger train of employer to his job as a freight train flagman was outside the scope of employment); *Quirk v. New York, Chicago & St. Louis R.R. Co.,* 189 F.2d 97 (7th Cir.1951) (employee using railroad motor car en route home after work was not within the scope of employment).

■ Thus, a determination whether an employee was within the scope of employment has been decided on a case-by-case basis, with previous case law helpful only by way of analogy. *Atchison, Topeka & Santa Fe R.R. Co. v. Wottle, supra.* Whether an employee was acting within the scope of his employment is a question of fact to be decided by the jury, *see, e.g., Parker v. Long Island R.R. Co.,* 425 F.2d 1013 (2nd Cir.1970), *cert. denied,* 400 U.S. 829, 91 S.Ct. 57, 27 L.Ed.2d 58 (1970); *Rapson Coal Mining Co. v. Micheli,* 62 Colo. 330, 164 P. 311 (1916), and unless reasonable minds cannot differ on the effect of the evidence and its inferences does the issue become one of law. *Turpin v. Chicago, Burlington & Quincy R.R. Co.,* 403 S.W.2d 233 (Mo.1966), *cert. denied,* 384 U.S. 1003, 86 S.Ct. 1925, 16 L.Ed.2d 1015 (1966).

■ Here, reasonable minds could have differed as to whether Betoney, returning to a bunk car provided by the railroad from a personal trip to town, was within the scope of his employment. *See, e.g., Atchison, Topeka & Santa Fe Ry. Co. v. Wottle, supra; Mostyn v. Delaware, Lackawanna & Western R.R. Co.,* 160 F.2d 15 (2d Cir. 1947). While we do not agree with the railroad that the trial court should have ruled that Betoney was not within the scope of his employment, we do hold that this issue should have been submitted to the jury.

■ Further, it was error for the trial court to submit to the jury an instruction which included this language:

"It is agreed that, at the time and place alleged in the Complaint, the Defendant was a common carrier by railroad engaged in interstate commerce; *it has been determined that the Plaintiff was then an employee of the Defendant engaged in such commerce, and that the Plaintiff's rights, if any, to recover in this case are governed by the provisions of the Federal Employers' Liability Act.*" (emphasis added)

By submitting such an instruction, the trial court invaded the province of the jury as trier of fact.

■ Contrary to the railroad's argument, however, the jury should not have been allowed to determine whether, by being intoxicated, Betoney had "abandoned" his employment and, therefore, could not have been within the scope of his employment when injured. The FELA allows for a reduction of damages through proof of contributory negligence on the part of the employee. 45 U.S.C.A. § 53 (1970). Intoxication bears on the issue of contributory negligence and would, thus, potentially affect the amount of damages recovered. However, intoxication is not a complete defense in a FELA action and, standing alone, does not create a jury question on whether a plaintiff was within the scope of his employment. *Dupay v. New York Central R.R. Co.,* 110 Ill.App.2d 146, 249 N.E.2d 179 (1969).

## II.

The railroad next asserts that the trial court also erred by failing to instruct regarding reasonable foreseeability of harm as an essential element of negligence under the FELA, and in failing to instruct that Betoney had a duty to take the least hazardous route.

### A. Foreseeability

■ Reasonable foreseeability of harm is an essential ingredient of FELA negligence. *Gallick v. Baltimore & Ohio R.R. Co.,* 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d

618 (1963). The railroad's duty of care is measured by what a reasonably prudent person should or could have reasonably anticipated as occurring under the circumstances. *Davis v. Burlington Northern, Inc.*, 541 F.2d 182 (8th Cir.1976), *cert. denied*, 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976).

■ The railroad tendered a separate instruction which would have informed the jury that " 'reasonable foreseeability of harm' is an essential ingredient of Federal Employers['] Liability Act negligence." The trial court refused to give this instruction.

Relying on *Gallick v. Baltimore & Ohio R.R. Co., supra*, Betoney argues that the trial court did not err in failing to instruct on foreseeability because instructions regarding negligence, ordinary care, and safe place to work, which incorporate the concept of foreseeability, were given.

In *Gallick*, the United States Supreme Court held that the element of foreseeability of harm was satisfied by the jury's finding of negligence by the defendant railroad. However, there the jury had been instructed that "defendant's duties are measured by what is reasonably foreseeable under the circumstances," that is, by what "in the light of the facts then known, should or could reasonably have been anticipated."

Upon retrial, the jury should be instructed in a similar manner, so that it is clear that foreseeability is an element of FELA negligence. *Gallick v. Baltimore & Ohio R.R. Co., supra, see also* Colo.J.I. 9:30 (2d ed. 1980). However, the jury need not be instructed that reasonable foreseeability of harm is an essential ingredient of FELA negligence, as contained in the railroad's tendered instruction.

### B. Least Hazardous Route

■ The railroad also contends that the trial court erred in not submitting its tendered instruction that: "If one knows or ought reasonably to know that there is a choice of way and that one way is hazardous and the other is safe he must take such

way as a reasonably careful person would take under the same or similar circumstances to protect himself from bodily injury." *See* Colo.J.I. 12:3 (2d ed. 1980). We disagree.

Such an instruction would place the burden on the plaintiff in a FELA action *always* to take the least hazardous route, and would completely relieve the railroad of any responsibility for its negligence in maintaining an alternate route.

While the FELA provides for reduction of a plaintiff's recovery by his own negligence, the statute makes it clear that an employee's contributory negligence does not completely bar recovery. 45 U.S.C.A. § 53. Here, the railroad argued that Betoney did not take the least hazardous route, Betoney was found to have been negligent by the jury, and his award was reduced accordingly. There was no error.

### III.

Finally, the railroad contends the trial court erred in refusing to submit its three tendered instructions which were the special verdict forms required under § 13–21–111, C.R.S. We disagree; *Felder v. Union Pacific R.R. Co.*, 660 P.2d 911 (Colo.App. 1982) is dispositive of this issue.

The other contentions of error, including those in the cross-appeal, are without merit.

The judgment is reversed as to the finding that the railroad is liable under the FELA, and as to the percentage of negligence assigned to Betoney, and the cause is remanded for a new trial on these issues with instructions that, if after the new trial the railroad is found liable, then the damage amount of $604,000 awarded in the first trial be reinstated, to be reduced by the amount, if any, of Betoney's negligence as found by the jury in the new trial.

PIERCE and BABCOCK, JJ., concur.