## KERR v. JEANS.

### No. 13545.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1952.

Lee Sellers, Wichita Falls, Tex., for appellant.

Jimmy Castledine, Wichita Falls, Tex., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This action was filed by appellee against appellant to recover compensation for unpaid minimum wages and overtime due him under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq. The total amount claimed to be due for the years 1949 and 1950 was $1959.83 plus an equal sum as liquidated damages, and a reasonable sum as an attorney's fee. The defendant denied the plaintiff's allegations, claimed exemption from overtime compensation as to a part of the amount, and asserted good faith as against the demand for liquidated damages. A trial was had before the judge, without a jury; and, after hearing all the evidence, the court awarded the plaintiff a total sum of $689 for wages and $150 as attorney's fees.

The appellant, L. W. Kerr, was doing business in Clay County, Texas, where both he and the appellee resided, and where Kerr did business under the name of Purena Feed Mills. The appellee's principal employment was to drive a truck in interstate commerce, but at odd times he did some work around the mill, such as sweeping the floor, sewing bags, and other small jobs. Only an inconsequential amount of work was done by appellee in or around the appellant's elevator. He drove trucks from Texas to Georgia, Nebraska, Kansas, Oklahoma, and back to Texas, hauling grain, cattle, and anything else that he was instructed by his employer to haul. He kept no books, and does not know the exact amount of time that he worked on these interstate shipments. The mileage on these trips to and from Kansas and Nebraska is shown by the record, and varies from 375 to 604 miles. The work-weeks, dates, and destinations, are also shown for both years. Until this lawsuit was filed, the appellant did not regard his business as subject to the wages and hours law, and kept no books showing the number of hours that appellee worked in interstate commerce.

A substantial part of the appellee's recovery is for overtime compensation; just how much cannot be told from the record. The appellant was a private carrier of property by motor vehicle as that term is defined in Section 303(a) (17) of Title 49 U.S.C.A. The appellee's principal duty was acting as a truck driver for the interstate transportation of goods. It follows that appellee was an employee whose maximum hours of service and qualifications might be set by the Interstate Commerce Commission under Section 304 of Title 49 U.S. C.A.; and, consequently, under Section 213(b)(1) of Title 29, appellee was exempt from the maximum hour and overtime provisions of the Fair Labor Standards Act. See Southland Gasoline Company v. Bayley, 319 U.S. 44, 63 S.Ct. 917, 87 L.Ed. 1244.

The appellee concedes that he "tried his case on the theory that only those weeks that appellee drove a truck in interstate commerce were exempt in reference to overtime." The Supreme Court has held to the contrary of that theory as applicable to the employees of a *common* carrier by motor vehicle. Morris v. McComb, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44.

In Section 782.2(b) of the Regulations of the Administrator of the Wage and Hour Laws, the following language is used: "If the bona fide duties of the job performed by the employee are in fact such that he is (or, in the case of a member of a group of drivers, drivers' helpers, loaders or mechanics engaged in safety-affecting operations, that he is likely to be) called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities of the character described above, he comes within the exemption *in all work weeks when he is employed at such job*. This is true regardless of the proportion of his time or of his activities actually devoted to such safety-affecting work during his employment in the particular job *and even though in particular work weeks he may not actually engage in any activities directly affecting 'safety' of operation.'*" (Emphasis supplied.)

574

Appellee argues forcefully in brief as follows: "If appellant's theory be true, any employer who wished to defeat the purpose of the Fair Labor Standards Act need only send a truck with his employees to work in some type of safety of operations a few times each year across the State line and thus defeat the purpose of Section 207 of the Fair Labor Standards Act."

That the same argument was unsuccessfully employed in Morris v. McComb, supra, appears from the following language in the dissenting opinion of Mr. Justice Murphy, in which Justices Black and Douglas concurred: "All that the employer need do to withdraw the benefits of the Act from these employees is to send them occasionally to a terminal to pick up or deliver a piece of interstate freight. They then fall into the 'power' of the Interstate Commerce Commission and automatically lose their rights under the Fair Labor Standards Act." 332 U.S. 440, 68 S.Ct. 140.

The judgment appealed from is reversed, because the appellee was not entitled to recover any overtime compensation, and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed.