**Lorenzo WOODS, Appellant,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Appellee.**

**No. 12219.**

United States Court of Appeals
Sixth Circuit.

April 20, 1955.

Herbert & Dombey, C. Richard Grieser, Columbus, Ohio, for appellant.

Wilson & Rector, Columbus, Ohio, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

The appellant, Lorenzo Woods, has appealed from the judgment of the district court directing a jury verdict in favor of the defendant carrier. A crossing watchman in the employ of the appellee, Woods was injured around three o'clock in the morning by being run down at a railroad crossing on the main street of Springfield, Ohio, by the driver of an automobile who failed to observe the swinging of a red lantern and the blowing of a whistle by appellant as warning of an approaching train. The automobile driver did not report that he had injured appellant until between 7:30 and 8:00 o'clock on the morning of the accident. He admitted that he had consumed several drinks before the accident.

Appellant's main contention is that a jury issue was presented as to whether the appellee was negligent in failing to provide him with a safe place in which to work and with adequate appliances with which to work. He charges that he was furnished with an insufficient light or signaling device by means of which he was supposed to stop traffic and that he was not properly instructed in the performance of his duties.

■■ As was pointed out by the district judge, there was no evidence to the effect that the lantern supplied appellant was insufficient for the purposes for which it was furnished, or that appellant was not cognizant of the manner in which his duties should be performed; nor was there any evidence of negligence on the part of appellee which constituted the proximate cause of the accident. We think Judge Cecil, in addressing the jury, gave correct reasons for his action in directing a verdict for appellee. In our judgment, Lillie v. Thompson, 332 U.S. 459, 68 S.Ct. 140, 92 L.Ed. 73, and Massey v. Chattanooga Station Company, 6 Cir., 210 F.2d 167, cited by appellant, are clearly differentiable factually from the case at bar. Moreover, it is our judgment that the doctrine of Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916, was not intended by the Supreme Court to carry so far as to be applicable to the facts of the instant case. To carry the doctrine to such extent would be, as was stated in Moore v. Chesapeake & Ohio R. Co., 340 U.S. 573, 71 S.Ct. 428, 430, 95 L.Ed. 547, to let "speculation run riot"; and, as the Supreme Court there said: "Speculation cannot supply the place of proof."

The judgment of the district court is ordered to be affirmed.