Janet Marie **CUDDY**, Administratrix of the Estate of James R. Cuddy, Jr., Deceased, Plaintiff,

v.

**WESTERN MARYLAND RAILWAY,** Defendant.

**Civ. A. No. 7005.**

United States District Court
M. D. Pennsylvania.

Nov. 16, 1962.

Richter, Levy, Lord, Toll & Cavanaugh, Philadelphia, Pa., Martin H. Philip, Palmerton, Pa., for plaintiff.

[2]. 28 U.S.C. § 1404(a).

Rowland Posey, Baltimore, Md., Anderson, Ports, May, Beers & Blakey, York, Pa., for defendant.

FOLLMER, District Judge.

This matter is before the Court on motion of defendant to dismiss the action because the Complaint fails to state a claim against defendant upon which relief can be granted under the Federal Employers' Liability Act.

The Complaint alleges that decedent, Cuddy, while in the employ of defendant as an engineman and while on the premises of defendant was shot and killed by one James T. Haney, likewise an employee of defendant. The Complaint further alleges that the death of said decedent was due to the negligence of defendant in "hiring and maintaining in its employ, a man known to be difficult to get along with, dangerous and vicious, and who was known to have a specific, notorious tendency to do bodily harm to others, all of which facts the defendant knew and did know for a long time prior the decedent's murder."

Defendant relies on Davis v. Green, 260 U.S. 349, 43 S.Ct. 123, 67 L.Ed. 299 (1922), which held that a railroad company is not liable under the Federal Employers' Liability Act for an injury inflicted by the wanton, wilful act of an employee, out of the course of his employment.

In Lillie v. Thompson, 332 U.S. 459, 68 S.Ct. 140, 92 L.Ed. 73 (1947), the plaintiff, a 22 year old female telegraph operator, working a night shift, in a one-room frame building, was assaulted by a non-employee of defendant. The victim answered a knock at the door, thinking that some of defendant's employees were seeking admission. She opened the door, and before she could close it a man entered and made the assault. The Court held that the above allegations in the Complaint, if supported by evidence, would warrant submission to a jury.

In Shepard v. New York, New Haven & Hartford R. Co., 2 Cir., 300 F.2d 129 (1962), a railroad employee was shot by a fellow employee. The Court held that the jury could conclude that the railroad, which knew of fellow employee's prior stay at a mental hospital, had negligently rehired him without a fully adequate report on his condition and had failed to act when his conduct after reemployment was reported to it, and that such negligence caused decedent's death.

In Copeland v. St. Louis-San Francisco Railway Company, 10 Cir., 291 F.2d 119 (1961), the injury of the plaintiff was caused by the prankish act of a fellow employee, which the Court held was wholly outside the scope of the prankster's employment and accordingly was not chargeable to the railroad.

That situation is entirely different from Shepard (mental history) and from the instant case (history of dangerous and vicious habits and notorious tendency to do bodily harm). A strong dissent in Copeland by Judge Murrah, quoted with approval from Sinkler v. Missouri Pacific Railroad Co., 356 U.S. 326, 78 S.Ct. 758, 762, 2 L.Ed.2d 799 (1958), as follows:

"* * * 'Hence, a railroad worker may recover from his employer for an injury caused in whole or in part by a fellow worker, not because the employer is himself to blame, but because justice demands that one who gives his labor to the furtherance of the enterprise should be assured that all combining their exertions with him in the common pursuit will conduct themselves in all respect with sufficient care that his safety while doing his part will not be endangered. If this standard is not met and injury results, the worker is compensated in damages.' * *"

The facts in the instant case more nearly coincide with those in the Lillie case, supra. In these cases the Complaint charged knowledge on the part of defendant which should have been treated as cautionary while on the contrary it was alleged to have been completely ignored. The prankish conduct of the employee in Copeland, supra, however, gave every evidence of spontaneity. There was no

752

history of similar disregard for the safety of others that could and should have put defendant on guard. I feel very strongly that the weight of opinion today would require a submission of this case to a jury.

Accordingly, defendant's motion to dismiss the action will be denied.