Audrey S. HARTEL, Individually and as Administratrix of the Estate of John Hartel, Deceased, Plaintiff,

v.

The LONG ISLAND RAILROAD COMPANY, Defendant.

No. 68 Civ. 2187.

United States District Court, S. D. New York.

March 3, 1972.

Arnold B. Elkind, New York City, for plaintiff; Jesse C. Sable, New York City, of counsel.

George M. Onken, Jamaica, N. Y., by Cravath, Swaine & Moore, New York City, for defendant; Jay E. Gerber, New York City, of counsel.

## MEMORANDUM ON MOTION TO DIRECT VERDICT

LEVET, District Judge.

Plaintiff, Audrey S. Hartel, brings this suit individually and as administratrix of the Estate of John Hartel under the Federal Employers' Liability Act, 35 Stat. 65, 45 U.S.C. § 51 et seq. The essence of her claim is that John Hartel was killed by a hold-up man as a result of defendant's negligence in sending her husband to work in a place defendant knew to be unsafe without taking reasonable measures to protect him.

This court grants defendant's motion for a directed verdict.

Plaintiff's allegations may be summarized as follows: The deceased, John Hartel, was a ticket agent employed by defendant and assigned to the Mineola Station (Mineola, New York) where he was in charge of the ticket office. On February 18, 1968 he was shot to death during the commission of a holdup.

On Sunday morning, February 18, 1968 at approximately 6:25 A.M. John Hartel was a passenger in a westbound train due to arrive at the Mineola Station at 6:30 A.M. At approximately the same time three men sat in the waiting room of the Mineola Station among the passengers awaiting the train's arrival. When the train carrying John Hartel arrived at the station, all of the passengers, with the exception of the three men, left the waiting room and boarded the train. These three men remained. John Hartel went to the rear of the station office and by means of a key opened the locked door and entered the ticket office. When John Hartel returned to the waiting room in order to raise the metal shutter which enclosed the glass petition which separated ticket purchasers from the ticket agent, one of the three men stepped up behind Hartel, with a gun, and announced a holdup. When Hartel reacted by going towards the exit door he was shot in the back. Subsequently he died of his wounds.

In Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), the Supreme Court laid down the rule that "judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death." Id. at 506–507, 77 S.Ct. at 448–449.

In measuring plaintiff's proof, when she rested, by the *Rogers* yardstick I reach the conclusion that plaintiff had not presented sufficient proof so that the jury could, with reason, draw the conclusion that the negligence of the Long Island Railroad played any part at all in the death of plaintiff's intestate.

▇▇▇ The Federal Employers' Liability Act does not make the employer an insurer. Here plaintiff's intestate had been working at the Mineola Station for many years, performing these same duties under like circumstances. No holdups or assaults occurred during that long period. It is true that under certain unusual circumstances, where the act in question was the result of criminal conduct, a lawsuit for negligence may lie. See, Lillie v. Thompson, 332 U.S. 459, 68 S.Ct. 140, 92 L.Ed. 73 (1947). However, the key element is notice to the defendant. The defendant is liable where it knew or reasonably should have foreseen that a crime would possibly occur. Lillie v. Thompson, supra; Inman v. Baltimore & Ohio R. Co., 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198 (1959). Plaintiff has introduced no evidence showing that defendant should have reasonably foreseen the possibility of a holdup at the Mineola Station. In light of this background, the evidence is so thin that, on judicial appraisal, I find that negligence on the part of defendant-railroad could have played no part in the death of plaintiff's intestate.

Accordingly, defendant's motion for a directed verdict is granted. The court has previously directed judgment for defendant.