No. 72–1578. HARTEL, ADMINISTRATRIX *v.* LONG ISLAND RAILROAD Co. C. A. 2d Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN concurs, dissenting.

Petitioner's husband, a ticket agent of the respondent railroad, was required to open the ticket office of the Mineola, Long Island, station in the early hours of a Sunday morning. In order to open the steel shutter covering the ticket window it was necessary to leave the security of the ticket office and enter the passenger waiting room. Since there was no peephole in the shutter or in the door leading to the waiting room, there was no way for the agent to view the waiting room from the

ticket office. Upon entering the waiting room, petitioner's husband encountered armed robbers who shot and killed him. Petitioner brought this suit to recover damages under the Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 U. S. C. § 51 *et seq.*

In *Lillie* v. *Thompson,* 332 U. S. 459, this Court held that the Act provides relief for breach by a railroad of its duty to protect employees from foreseeable third-party assaults. In order to demonstrate foreseeability in this case, petitioner offered to prove 10 robberies or attempted robberies at respondent's stations located between five and 30 miles of the Mineola station. All had occurred within four years, and two occurred in the month immediately preceding the Mineola holdup. Petitioner further offered to prove communications between the ticket agents' union and respondent relating the dangers of armed robbery and requesting the installation of peepholes and silent alarms. Since none of the prior robberies occurred at the Mineola station and none of the union communications made specific reference to the dangers at that particular station, the evidence was excluded.

After finding that petitioner had "introduced no evidence showing that [respondent] should have reasonably foreseen the possibility of a holdup at the Mineola Station," the District Court granted respondent's motion for a directed verdict. 356 F. Supp. 1192, 1194.

As this Court has repeatedly pointed out, Congress expressed a strong preference for jury determinations of actions arising under the Act. See *Rogers* v. *Missouri Pacific R. Co.,* 352 U. S. 500, 508. When the evidence is viewed in the light most favorable to petitioner, I conclude that a fair-minded juror could well conclude that failure to provide a peephole was negligence and that this negligence played some part in the agent's

death.   The District Court thus erred in taking this case from the jury.   *Gallick* v. *B. & O. R. Co.*, 372 U. S. 108; *Rogers* v. *Missouri Pacific R. Co., supra.*

The District Court also erred in disallowing evidence which tended to establish respondent's knowledge of the hazards which ticket agents faced.   Whether it was reasonable for respondent to refrain from implementing safety suggestions at the Mineola station until the wave of robberies reached that station was for the jury to determine.   The evidence of robberies at other stations and of union warnings about the dangers of robberies was relevant to that determination.

I would vacate the judgment below and remand for a new trial.