**Harlan T. MARBLEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 85–0668.**

United States District Court, District of Columbia.

July 12, 1985.

Harry T. Alexander, Jr., Washington, D.C., for plaintiff.

Joseph E. di Genova, U.S. Atty., Royce C. Lamberth, James Owens, Asst. U.S. Attys., Washington, D.C., for defendant.

## ORDER GRANTING
## SUMMARY JUDGMENT

BARRINGTON D. PARKER, District Judge.

The plaintiff, Harlan T. Marbley, seeks damages for the wrongful death of his wife, pursuant to the Federal Tort Claims Act ("FTCA" or "Act"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* The government has moved to dismiss, or alternatively, for summary judgment on several grounds: the action is barred by the federal statute of limitations, FTCA's waiver of sovereign immunity does not include claims arising out of assault or battery, and that security procedures employed at the place where the deceased died are discretionary functions. For the reasons stated below, the Court grants the defendant's motion for summary judgment.

## BACKGROUND

The underlying facts are not disputed by the plaintiff.[1] Plaintiff's deceased wife was employed by the General Services Administration ("GSA") as a custodial worker and assigned to the Washington Navy Yard. On July 9, 1979 she was murdered on the Navy Yard premises where her body was discovered four days later on July 13, 1979.

On October 23, 1980, Adrian Hall, a former employee at the Navy Yard was found guilty of the murder of Mrs. Marbley. On October 22, 1982, plaintiff filed an administrative claim with the Department of Navy which was forwarded to the GSA on or about November 22, 1982. On August 24, 1984, plaintiff was advised that the claim was barred by the federal statute of limitations. The present complaint was filed in this Court on February 25, 1985.[2]

## ANALYSIS

A tort claim against the United States is barred unless filed with the appropriate federal agency within two years after such claim accrues. 28 U.S.C. § 2401(b). "[I]n an 'ordinary' wrongful death action under the FTCA, the federal rule is that the cause of action accrues upon the date of death." *Fisk v. United States,* 657 F.2d 167, 170 (7th Cir.1981) (citations omitted). *See also Garrett v. United States,* 640 F.2d 24, 26 (6th Cir.1981). While a wrongful death action may extend beyond the date of death, such an extension applies only " 'where the claimant does not, and in the exercise of normal diligence could not, know the existence of the cause of action * * *. In such instances the claim is said not to 'accrue' until the element of knowledge, absence of which prevents the filing of the complaint, has been supplied.' " *Pollard v. United States,* 384 F.Supp. 304, 310 (M.D.Ala.1974) (*quoting Kington v. United States,* 396 F.2d 9, 12 (6th Cir.); *cert. denied,* 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968) ). This exception, extending the commencement of the statute of limitations, clearly is not applicable in this proceeding.

The Supreme Court has held that a cause of action accrues under the FTCA when the plaintiff knows both the existence and the cause of injury, not at a later time when claimant knows the act which inflicted the injury constituted negligence. *Unit-*

---

1. Our local rules provide that a party opposing a motion for summary judgment shall file, "[t]ogether with his opposing statement of points and authorities, a concise 'statement of genuine issues' setting forth all material facts as to which it is contended there exists a genuine issue...." U.S. District Court Rule 1–9(i). Counsel for the plaintiff has failed to follow that local rule. Therefore, the Court may assume the facts as claimed by the defendant.

2. It is doubtful that the complaint was filed by the proper person even though the government does not raise the question. While the govern-ment offers no comment, the D.C. Wrongful Death Statute provides that a wrongful death action "[s]hall be brought by and in the name of the personal representative of the deceased person...." D.C.Code § 16–2702. Mr. Marbley has not shown, as required under the law of the District of Columbia that he is the personal representative of his deceased wife's estate. *Saunders v. Air Florida, Inc.,* 558 F.Supp. 1233, 1235 (D.C.Cir.1983); *Group Health Association Inc. v. Gatlin,* 463 A.2d 700, 701 (D.C.App.1983); *Cole, Raywid & Braverman v. Quadrangle Development Corp.,* 444 A.2d 969, 971 (D.C.Cir.1982).

*ed States v. Kubrick,* 444 U.S. 111, 120, 100 S.Ct. 352, 358, 62 L.Ed.2d 259 (1979). *See Kynaston v. United States,* 717 F.2d 506, 508 (10th Cir.1983). On July 13, 1979 the plaintiff possessed knowledge necessary to pursue a cause of action. As the Supreme Court stated "[W]e thus cannot hold that Congress intended that 'accrual' of a claim must wait awareness by the plaintiff that his injury was negligently inflicted." *Kubrick,* 444 U.S. at 123, 100 S.Ct. at 360. The absence of Adrian Hall's conviction was no reason for a delay in filing a complaint for relief.

The plaintiff's reliance on *Liuzzo v. United States,* 485 F.Supp. 1274, 1281 (E.D.Mich.1980) which interpreted the *Kubrick* decision is misplaced. In *Liuzzo,* the plaintiff was unaware of the FBI involvement in his wife's death and the court held that the plaintiff had reason to delay any action because he lacked knowledge of the appropriate defendant to sue—the FBI.

▇ The plaintiff's assertion that the defendant is liable for the death of his wife because the act was committed by a Navy Yard employee is incorrect. At the time of the murder, Hall was not a government employee. Exhibit 7, Motion for Summary Judgment. Even if Hall had been a government employee, wrongful death claims arising out of injuries suffered from assault and battery are barred from coverage under section 2680(h) of the FTCA. This section does not "merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault and battery." *United States v. Shearer,* —— U.S. ——, ——, 105 S.Ct. 3039, 3042, 87 L.Ed.2d 38 (1985) (emphasis in original). It is clear that plaintiff's claim arises out of the assault and battery committed by Hall.

▇ Plaintiff contends that the Department of Navy had a duty to take reasonable measures to protect Mrs. Marbley from unreasonable attacks. In support of this proposition, plaintiff relies on *Lillie v. Thompson,* 332 U.S. 459, 462, 68 S.Ct. 140,

142, 92 L.Ed. 73 (1947). In that case, plaintiff alleged the defendant was aware of conditions which created a likelihood of injury. In the instant action, plaintiff puts forth no allegation that the Navy Yard was aware of any foreseeable danger to the deceased. Even if agency authorities possessed knowledge of possible attacks, security measures taken to protect Mrs. Marbley while on duty were discretionary matters within the discretional function exemption to the Federal Torts Claims Act. 28 U.S.C. § 2680(a). *Turner v. United States,* 473 F.Supp. 317, 320 (D.D.C.1979).

▇ There is no implied guarantee of safety against violence in government buildings absent a special relationship. *Turner,* 473 F.Supp. at 317. Mrs. Marbley had no special relationship implying a guarantee of safety while performing maintenance duties. The party in *Lillie,* 332 U.S. at 459, 68 S.Ct. at 140, possessed a special relationship because a statute mandated liability in damages to any employee suffering injury through negligence of officers, agents, or employees of railroad common carrier. There is no similar statute relevant in this action that creates a special relationship.

In accordance with the above, it is this 12th day of July, 1985,

### ORDERED

That the defendants' motion for summary judgment is granted and this action is dismissed with prejudice.