Ronald E. THOMAS, Plaintiff,

v.

CONSOLIDATED RAIL CORPORATION, et al., Defendants.

Civil Action No. 95–30155–MAP.

United States District Court, D. Massachusetts.

July 30, 1997.

Robert M. Byrne, Thornton, Early & Naumes, Boston, MA, for Ronald E. Thomas.

D. Michael Arter, McLeod & Mahoney, Boston, MA, for Robert P. Ugolini.

### MEMORANDUM REGARDING DEFENDANT CONRAIL'S MOTION FOR SUMMARY JUDGMENT

PONSOR, District Judge.

### I. INTRODUCTION

Plaintiff Ronald E. Thomas ("Thomas") has brought suit against defendant Consolidated Rail Corporation ("Conrail"), his employer, under the Federal Employer's Liability Act, 45 U.S.C. §§ 51 *et seq.*, ("FELA") for injuries sustained while he was at work. Thomas alleges that Conrail failed to provide him with a safe place to work. Specifically, the defendant allegedly failed to prevent unauthorized entry onto the property by a third party, defendant Robert Ugolini ("Ugolini"), who then acted in a manner that resulted in Thomas' injuries. Conrail has moved for summary judgment on all counts. For the

reasons set forth below, Conrail's Motion for Summary Judgment will be allowed.

## II. STANDARD

The court may allow a motion for summary judgment "... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A disputed fact is genuinely at issue if "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." *Rivera–Muriente v. Agosto–Alicea*, 959 F.2d 349, 352 (1st Cir.1992) (*quoting United States v. One Parcel of Real Property, Etc.*, 960 F.2d 200, 204 (1st Cir.1992)). A fact is material if it "carries with it the potential to affect the outcome of the suit under applicable law." *One National Bank v. Antonellis*, 80 F.3d 606, 608 (1st Cir.1996) (*quoting Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir.1993)).

## III. FACTUAL BACKGROUND

The facts, viewed in the light most favorable to the plaintiff, are as follows.

On July 1, 1993 in West Springfield, Thomas, along with co-worker Paul Bessette, were in the process of grinding a track component referred to as a "frog."

Thomas and Bessette were working along the Conrail main line immediately adjacent to property controlled by the defendant Ugolini. While the plaintiff was working, an all terrain vehicle ("ATV") owned and operated by Ugolini came onto the Conrail property. Ugolini operated the ATV in a reckless and careless manner. Despite the fact that Thomas was clearly visible, Ugolini drove the vehicle along the track in such a way as to cause stones to be kicked up by the rear wheels of the ATV and sprayed in Thomas' direction. Ugolini then reversed his direction, and once again sprayed Thomas and his co-worker with rocks. Thomas, who was crouched over holding a 30–pound grinding tool, turned quickly in order to avoid being hit by the rocks. In doing so, he suffered a back strain and a herniated lumbar disc.

The previous owner of the area was Penn Central Railways, which had employed six officers to patrol various areas, including the site of the incident. Conrail during its ownership had reduced the patrol staff for budgetary reasons down to one officer, who was not on duty at the time Thomas hurt himself. Over the preceding years there had been reports of trespass and vandalism in the site, but no reports of any personal attacks or injuries.

## IV. DISCUSSION

The court will assume that federal law generally applies to this case. This approach is more generous to the plaintiff. The FELA is "an avowed departure from the rules of the common law," *Baker v. Baltimore and Ohio Railroad Company*, 502 F.2d 638, 641 (6th Cir.1974) (*quoting Sinkler v. Missouri Pacific R.R.*, 356 U.S. 326, 329, 78 S.Ct. 758, 762, 2 L.Ed.2d 799 (1958)), and provides more liberal protection to railroad employees than traditional tort law. However, the court will look to Massachusetts law for guidance to the extent that it is not inconsistent with federal law.

A finding of liability, even under the FELA, requires a plaintiff to show a duty owed by the railroad, a breach of that duty, and a proximate link between the breach and the injury to plaintiff. *Robert v. Consolidated Rail Corp.*, 832 F.2d 3, 6 (1st Cir.1987).

With regard to the general duty, the plaintiff appears to have the stronger argument. It is well established that the FELA imposes on a railroad the duty to provide its employees a reasonably safe place to work. *Ragsdell v. Southern Pacific Transportation Co.*, 688 F.2d 1281, 1283 (9th Cir.1982). Plaintiff is correct that in certain rather extreme cases this duty may be breached when the railroad "fails to prevent reasonably foreseeable danger to an employee from intentional or criminal misconduct." *Green v. River Terminal Ry. Co.*, 763 F.2d 805, 808 (6th Cir.1985).[1]

---

1. The facts of *Green*, however, illustrate the difficulty of demonstrating a breach of this duty. In

Plaintiff's case collapses, however, in the face of the next question: was the duty breached? Plaintiff contends that the defendant failed to provide sufficient security staff to deter trespassing and the sort of assault that occurred here, and that this failure constituted a breach of the railroad's duty to the plaintiff. The flaw in plaintiff's argument is the absence of any evidence in the record that defendant's conduct was unreasonable, an essential component of any claim of a breach of the duty of care.

While some evidence exists on the record of previous trespass at the site, it is undisputed that these trespassers were merely crossing the land to reach a swimming area. In general, "evidence of ambient crime" is insufficient to form a basis of a claim for inadequate security. *McLaughlin v. Vinios,* 39 Mass.App.Ct. 5, 9, 653 N.E.2d 189 (1995). Prior incidents of sufficient seriousness to put a defendant on notice of a risk are required. While the record here does offer evidence of petty theft and some vandalism, the record offers no evidence of any prior assaults, serious criminal activity or even dangerous misconduct in the area at all. No evidence would permit a jury to conclude that the reduction in security staff was unreasonable in the circumstances.

Indeed, the facts are to the contrary. Here, the presence of two adult Conrail employees at the very location did nothing to deter Ugolini's trespass. Given this, a jury could not fairly conclude that the defendant was unreasonable in failing to hire additional security staff.

Even if a breach of duty were found, the record similarly lacks evidence of a foreseeable link between the breach and the plaintiff's injury. Reasonable foreseeability is an "essential ingredient" of a FELA claim. *Green,* 763 F.2d at 808. Even assuming that defendant failed to provide reasonable security at the site, it is not foreseeable as a matter of law that this lack of security—in these circumstances—proximately caused the tres-

pass, and that this trespass foreseeably led to Ugolini's intentional or reckless conduct, which in turn led to plaintiff's moving in such a way that he suffered injury. Plaintiff's argument starts off as a thin strand of unsupported speculation and then simply snaps. Even under the FELA's liberal causation standard, no jury could fairly conclude that any negligence of the defendant *foreseeably* caused the injury that occurred here.

The Supreme Judicial Court's recent decision in *Griffiths v. Campbell,* 425 Mass. 31, 679 N.E.2d 536 (1997), is instructive. In that case a jury had returned a verdict in favor of the estate of a police detective murdered during a drug raid against the landlord of the premises where the raid occurred, on the ground that the landlord failed to notify the police of his prior suspicions of illegal activity. The SJC reversed, stating as follows.

> If we were to conclude that a homicide was reasonably foreseeable based on the failure of a landlord to act on a suspicion of illegal drug activity, we would be permitting inference upon inference to impose liability. That we cannot do. "There must be limits to the scope or definition of reasonable foreseeability based on considerations of policy and pragmatic judgment."

*Id.,* at 35–36, 679 N.E.2d 536, quoting *Poskus v. Lombardo's of Randolph, Inc.,* 423 Mass. 637, 640, 670 N.E.2d 383 (1996).

Here, the court cannot conclude that the injury to plaintiff's back was reasonably foreseeable based on the failure of the defendant to hire additional security staff, without similarly piling "inference upon inference."

## V. CONCLUSION

For the foregoing reasons, Conrail's Motion for Summary Judgment is hereby ALLOWED.

---

*Green,* plaintiff sought damages following a vicious assault upon him by a fellow employee. The trial court directed a verdict for the railroad and the Court of Appeals affirmed on the ground that the record lacked evidence of any notice to

the defendant of the assaulter's "vicious propensities" and because the site of the attack lacked evidence of any "unusual risk of assault." 763 F.2d at 808–809.