Ronald E. LEEF, Plaintiff–Appellant,

v.

BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; a Delaware corporation, Defendant–Appellee.

No. 01CA0535.

Colorado Court of Appeals, Div. II.

April 25, 2002.

Rossi, Cox, Kiker & Inderwish, P.C., John J. Rossi, Janet Stansberry Drake, Aurora, Colorado, for Plaintiff–Appellant.

Hall & Evans, L.L.C., Alan Epstein, Walter J. Downing, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge WEBB.

Plaintiff, Ronald E. Leef, brought this action as a result of an attack on him by a trespasser while plaintiff worked for defendant, Burlington Northern and Santa Fe Railway Company (BNSF), as a train conductor. He appeals the trial court's entry of summary judgment in favor of BNSF on his claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et seq., that BNSF negligently failed to provide him with a safe workplace. The trial court concluded that the attack was not reasonably foreseeable. We affirm.

The circumstances of the attack are undisputed. Early one morning, plaintiff was working on a coal train that had stopped near the Salt Creek Junction, approximately three miles from BNSF's Pueblo depot. Plaintiff and a coworker heard a whistle from one of the two attached locomotives and suspected a trespasser was on the train. They locked the doors and turned off the lights in the cab in the lead locomotive.

The trespasser moved forward to the lead locomotive and unsuccessfully attempted to enter the cab through the rear door. The trespasser then went around to the nose of the locomotive and tried to enter the cab by breaking a small window on the vestibule door. Plaintiff fought off the trespasser by striking his arm whenever he reached through the broken window. Eventually the trespasser withdrew and left the train.

During the attack plaintiff and the coworker called for help on a radio. Other BNSF employees heard the call and relayed the information to authorities. Police officers arrived at the scene within minutes after the trespasser had fled.

The trespasser was arrested shortly thereafter. His statement to police indicates that he was delusional. Exactly when, where, and why he boarded the train are unknown.

Plaintiff contends that BNSF violated FELA by negligently failing to employ sufficient security personnel to prevent unautho-

rized persons from boarding its trains and attacking train crews, in light of its knowledge of some violence in the vicinity of the attack. He further contends that BNSF failed to institute, oversee, and carry out reasonably safe methods and procedures for responding to unauthorized persons on trains. We are not persuaded that a genuine issue of material fact exists concerning the reasonable foreseeability of an assault on a train crew by a trespasser at this location.

■ In his notice of appeal and in the trial court, plaintiff also claimed that BNSF failed to provide keys to lock the other locomotives and did not properly glaze the window on the vestibule door. However, plaintiff does not address these issues in his appellate briefs. Therefore, we consider only whether BNSF owed plaintiff a duty to protect him from the trespasser boarding the train and attacking him.

We review a trial court's decision to grant summary judgment de novo. Summary judgment is appropriate only if the pleadings and supporting documents demonstrate no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden to establish that no genuine issue of material fact exists; any doubt should be resolved against the moving party. *See Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Bd.*, 901 P.2d 1251 (Colo.1995).

■ To recover under FELA for personal injuries, a plaintiff must prove that: (1) the defendant is a common carrier by railroad engaged in interstate commerce; (2) the plaintiff was employed by the defendant with duties furthering such commerce; (3) the injuries were sustained by the plaintiff while employed by the defendant; and (4) the plaintiff's injuries were the result of the defendant's negligence. *Betoney v. Union Pacific R.R.*, 701 P.2d 62 (Colo.App.1984). State courts apply federal interpretations of FELA in determining the substantive rights of the parties. *Johnson v. National R.R. Passenger Corp.*, 989 P.2d 245 (Colo.App. 1999).

■ A plaintiff's prima facie case under FELA must establish each element of a com-

mon law negligence action, including reasonable foreseeability of harm. *Davis v. Burlington Northern, Inc.*, 541 F.2d 182 (8th Cir.1976). To be liable, a railroad need not have foreseen the precise form of injury that occurred, as long as a reasonable person should have foreseen that an injury might occur from circumstances within the railroad's knowledge. *Green v. River Terminal Ry.*, 763 F.2d 805 (6th Cir.1985).

Without foreseeability, however, a railroad's failure to have addressed a circumstance causing an injury cannot be negligent. *Tennant v. Peoria & Pekin Union Ry.*, 321 U.S. 29, 33, 64 S.Ct. 409, 411, 88 L.Ed. 520, 524 (1944)(injury to employee during train move reasonably foreseeable because departure from rule requiring bell to be rung "when an engine is about to move" was "clearly dangerous to life and limb").

■ In determining whether an FELA case should go to the jury, the Supreme Court has explained that "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury." *Rogers v. Missouri Pacific R.R.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, 499 (1957). Thus, summary judgment would be appropriate only where no material facts are disputed and "fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury." *Rogers v. Missouri Pacific R.R., supra*, 352 U.S. at 510, 77 S.Ct. at 451, 1 L.Ed.2d at 501–02.

Several courts have found no FELA liability for assaults against railroad employees based on the nature and magnitude of risk arising from the circumstances within the railroad's knowledge that caused injury. For example, one court entered summary judgment where operation of an all-terrain vehicle trespassing on railroad property injured an employee. Although the railroad had received prior reports of trespass and vandalism at that particular site, no injuries had been reported. The court concluded that "[p]rior incidents of sufficient seriousness to put a defendant on notice of a risk are required before the railroad could be liable for negligence." *Thomas v. CONRAIL,* 971

F.Supp. 620, 622 (D.Mass.1997). *See also Green v. River Terminal Ry., supra* (directed verdict proper where railroad was not on notice of violent propensities of employee who assaulted coworker during labor dispute); *cf. Herold v. Burlington Northern, Inc.*, 342 F.Supp. 862 (D.Minn.1972)(railroad not liable for unforeseeable assault by an employee's spouse on another employee over an alleged love affair).

Other courts have circumscribed liability for assault claims under FELA based on proximity between the location of the injury-causing circumstances known to a railroad and the situs where the injury to an employee occurs. One court "limited evidence of prior incidents to those occurring at the exact locus of the incident giving rise to the litigation." *Hartel v. Long Island R.R.*, 476 F.2d 462, 464 (2d Cir.1973). *See also Burns v. Penn Central Co.*, 519 F.2d 512 (2d Cir.1975)(railroad could have been negligent because it knew of at least four prior incidents of stones thrown at trains within three blocks of where employee was shot).

Cases recognizing FELA liability for assaults are distinguishable from the present action. For example, the Supreme Court has held that summary judgment was inappropriate where the railroad "had reason to know" of the danger to a young female who worked at night, in a windowless building in an isolated part of the railyards "frequented by dangerous characters," and who had to open a door to admit railroad employees who were picking up messages. *Lillie v. Thompson*, 332 U.S. 459, 460, 68 S.Ct. 140, 141, 92 L.Ed. 73, 74 (1947); *see Tatham v. Wabash R.R.*, 412 Ill. 568, 107 N.E.2d 735 (1952)(railroad hired man known to be violent, who injured co-employee).

Plaintiff's reliance on *Gallick v. Baltimore & Ohio R.R.*, 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963), is misplaced. There, an employee injured by an insect bite showed that, to the railroad's knowledge, "At the particular stretch of roadbed where [the employee] was working on that afternoon, there had been for many years a pool of stagnant water, in and about which were dead and decayed rats and pigeons.... Insects had been seen on, over, and about this stagnant

pool...." *Gallick, supra,* 372 U.S. at 109, 83 S.Ct. at 661, 9 L.Ed.2d at 621. Given the risk posed by the pool and its proximity to the location where the employee was working when bitten, the Supreme Court held that the state court of appeals had erred in setting aside the jury's verdict for lack of evidence that the insect had come from this pool, when evidence showed that the pool attracted insects.

■ Plaintiff argues that a jury should decide foreseeability, pointing to encounters between an armed BNSF policeman and transients on BNSF property in the Pueblo vicinity, newspaper articles about violence involving transients around Pueblo, and a book about transients who have loosely organized into violent railroad gangs distributed by BNSF several years before the attack. We find this evidence insufficient to create a material issue of disputed fact. In our view, and as reflected in the trial court's decision, the undisputed facts are consistent with both lines of cases holding assaults not to be reasonably foreseeable.

First, the attack on plaintiff occurred about three miles from BNSF's Pueblo depot, where some incidents of violence had occurred among transients, and one and one-half to two miles from the Pueblo Junction, where the BNSF policeman most frequently encountered transients. Plaintiff produced no evidence of either violent acts among transients or transient confrontations with BNSF personnel at Salt Creek Junction. In our view, only events at or very near the same location as plaintiff's injury would create a factual dispute about foreseeability. *See Hartel v. Long Island R.R., supra.*

Second, plaintiff presented no evidence of violence by any transient against either a BNSF train or a BNSF train crew. To the contrary, the evidence showed that transients who hopped trains sought to avoid train crews. And, unlike the train crew members' duties, the job of the BNSF policeman, whose patrol area of BNSF property extended far beyond Pueblo, was to interdict and expel trespassers. Thus, even disregarding the distance from Salt Creek Junction to Pueblo Junction and the Pueblo depot, the presence of transients at those locations does not make an assault on a train crew reasonably foreseeable. *See Thomas v. CONRAIL, supra.*

Plaintiff notes evidence that before the attack, a railroad gang had painted graffiti on BNSF property at the Pueblo Junction. We do not perceive gang-related graffiti as notice of a potential assault on a train crew. Moreover, no evidence indicated that the trespasser belonged to any railroad gang.

At most the evidence showed transients were present intermittently on railroad property, and they sometimes boarded trains. Nothing in the record identified either Salt Creek Junction or the train on which plaintiff worked as a subject of particular risk that would warrant the heightened security measures argued for by plaintiff. We agree with the trial court that "evidence of ambient crime is insufficient to form a basis for [a claim of] inadequate security."

The judgment is affirmed.

Judge PLANK concurs.

Judge JONES dissents.

Judge JONES dissenting.

I respectfully dissent. I believe that the record here contains ample evidence from which it can be determined, as a matter of law, that there are genuine issues of material fact as to the reasonable foreseeability of harm.

Under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et seq., a plaintiff must establish each of the elements of a common law negligence action, including reasonable foreseeability of harm. *Davis v. Burlington Northern, Inc.,* 541 F.2d 182 (8th Cir.1976); *Johnson v. National R.R. Passenger Corp.,* 989 P.2d 245 (Colo.App.1999). Generally, as long as a reasonable person should have foreseen that an injury might occur from circumstances within the railroad's knowledge, the railroad may be liable even if it does not foresee the injury in the precise form in which it occurred. *Green v. River Terminal Ry.,* 763 F.2d 805 (6th Cir. 1985).

When the rubric of the leading case on foreseeability under the FELA, *Gallick v. Baltimore & Ohio R.R.*, 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963), is considered, I think it is certain that here, as there, foreseeability is a question for the jury.

Here, the trial court had before it evidence of on-going criminal activity occurring in and around the junction areas of the railroad tracks. There was media notice of violent attacks in the area both by transients and by gangs of people who apparently reside near the railroad tracks. Evidence showed that such people, unauthorized as they were, frequently boarded trains in that area of Pueblo. The evidence pointed out that railroad personnel were so aware of the dangers in that area that an armed special agent employed to patrol this area in Pueblo was frightened to confront the transients and those who lived nearby.

This evidence plainly presents a genuine issue of fact as to foreseeability of harm, under the entirety of the circumstances. *See Gallick v. Baltimore & Ohio R.R., supra.*

Accordingly, I would reverse the judgment and remand the case for further proceedings on plaintiff's complaint.